Filed 7/29/14  P. v. Thornton CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WILLIAM THORNTON,<br><br>    Defendant and Appellant. | D065701<br><br><br><br>(Super. Ct. No. PLV64547) |

APPEAL from a judgment of the Superior Court of San Diego County, Desiree Bruce-Lyle, Judge.  Affirmed.

Beatrice C. Tillman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

William Thornton appeals from the decision of the trial court entered March 24, 2014, revoking and reinstating his parole after he had been arrested for making criminal threats and possession of drugs without a prescription.  Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) indicating she is unable to find any arguable issues for

reversal on appeal. Counsel requests this court to review the record for error as required by *Wende.*

## FACTS AND PROCEDURAL BACKGROUND

Thornton was arrested on February 21, 2014 for making criminal threats (Pen. Code, § 422), vandalism (Pen. Code, § 594, subd. (b)(1)), and possession of a controlled substance without a prescription (Health & Saf. Code, § 11375, subd. (b)(2)).

An evidentiary hearing was held on the alleged parole violation on March 24, 2014. Thornton was allowed to continue self-representation as he had done in a parole revocation shortly before this one. The court revoked and reinstated parole subject to 180 days in jail, with credit for 61 days custody.

Thornton filed his notice of appeal from this order on March 27, 2014.

Thornton's arrest stems from a family disturbance on February 21, 2014, to which law enforcement officers were called.

The complaining witness, Shannon Stacey, told authorities that Thornton had threatened her, including threats to kill her. He damaged her car.

Thornton was searched and 34 nonnarcotic, antidepressant pills were found on his person.

## DISCUSSION

As we have previously noted, appellate counsel has filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436, indicating she is unable to find any arguable issues for reversal on appeal and asks this court to review the record for error as mandated by *Wende.* As required by *Anders, supra*, 386 U.S. 738, counsel has set forth one possible, but not arguable issue:

2

Whether there is sufficient evidence to meet the prosecution's burden to prove the parole violations by a preponderance of the evidence.

Thornton has filed his own brief on appeal. Thornton's brief is somewhat rambling, but does raise one possible issue which we have considered. That issue is whether he should have been readmonished about self-representation when he appeared for the revocation hearing in this instance. The record shows the court discussed self-representation with him. The court discussed that he had been "in pro per" previously because the public defender had been disqualified. The court determined that Thornton continued to wish to represent himself.

We have reviewed the entire record as mandated by *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738 and have not discovered any reasonably arguable issues for reversal on appeal. Competent counsel has represented Thornton on this appeal.

## DISPOSITION

The order revoking and reinstating parole is affirmed.

---

HUFFMAN, J.

WE CONCUR:

---

BENKE, Acting P. J.

---

McDONALD, J.

3